# Exhibit 1

IN THE DISTRICT COURT IN AND FOR MAYES COUNTY
STATE OF OKLAHOMA

DAYLON SIMPSON, )
)
        Plaintiff, )
vs. ) No. CJ-21-170
)
ARMADA TRUCKING, INC., )
ARMADA TRUCKING GROUP, INC., and )
CHARLES FRANKLIN MacAVINUE aka )
CHARLES FRANKLIN McAVINUE, )
)
        Defendants. )

FILED IN THE DISTRICT COURT
MAYES CO., OKLAHOMA
NOV 15 2021
JENIFER CLINTON, COURT CLERK
BY_____ DEPUTY

## PETITION

COMES NOW the Plaintiff, for his cause of action against the above-named Defendants Armada Trucking Company, Inc., Armada Trucking Group, Inc. (collectively "Armada Defendants") and Charles Franklin MacAvinue states and alleges as follows:

### Parties and Jurisdiction

1. Plaintiff Daylon Simpson is a resident of the State of Oklahoma.

2. Upon information and belief, Defendant Charles Franklin MacAvinue aka Charles Frankline McAvinue ("MacAvinue") currently resides in the Oklahoma Department of Corrections, Union City Community Corrections Center.

3. Defendant Armada Trucking, Inc. and Armada Trucking Group, Inc. are motor carriers of persons or property as defined by 47 OKLA. STAT. ANN. § 230.23.

4. The Armada Defendants are for-profit corporations organized under the laws of the State of California.

5. Defendant MacAvinue was at all times acting within the course and scope of his employment with the Armada Defendants.

1

6. The Armada Defendants operate under a single DOT number and are acting as a joint venture.

7. The event giving rise to this cause of action occurred in Mayes County, Oklahoma.

8. Jurisdiction and venue are proper in this Court.

## The Wreck

9. On 08/14/2020 Plaintiff was stopped in the east turn lane facing south at the intersection of Main Street and Highway 82 in Locust Grove, Mayes County, Oklahoma.

10. The truck MacAvinue was driving turned and struck the vehicle Plaintiff was occupying ("Wreck").

11. MacAvinue was legally intoxicated at the time of the Wreck.

12. MacAvinue did not stop his vehicle after crashing into Plaintiff's vehicle.

13. Instead, MacAvinue endangered the public in Mayes County and surrounding counties by fleeing the scene of the wreck and refusing to stop even when pursued by law enforcement.

14. MacAvinue pleaded guilty to:
    a. Driving a motor vehicle while under the influence of alcohol;
    b. Endangering others while eluding/attempting to elude police officer, in violation of 21 OKLA. STAT. ANN. § 540;
    c. Leaving Scene of Accident Involving Damages, in violation of 47 OKLA. STAT. ANN. § 10-103;
    d. Resisting an Officer, in violation of 21 OKLA. STAT. ANN. § 268.

15. MacAvinue was sentenced to, inter alia, 5 years in custody of the Oklahoma Department of Corrections.

## Count I: Negligence and Negligence *Per Se*

16. Plaintiff incorporates allegations in Paragraphs 1-14 as if fully set forth herein.

17. Defendants' negligence caused the subject collision.

18. The Armada Defendants are liable under, *inter alia*, the doctrine of *respondeat superior* for the negligence of MacAvinue, who at all times was operating in the course and scope of employment of the Armada Defendants.

19. Defendants are liable under the legal doctrine of negligence *per se* for failing to obey the State of Oklahoma's rules of the road.

20. As a result of the Defendants' negligence and negligence *per se*, the Plaintiff suffered personal injury.

21. Defendants' conduct as described herein shows reckless disregard for the rights and the safety of Plaintiff and the general public of the State of Oklahoma.

WHEREFORE Plaintiff demands judgment against Defendants for actual and punitive damages in a sum in excess of $75,000, plus such costs, prejudgment interest, and other relief this Court deems equitable and just.

## Count II: Negligent Entrustment/Training/Supervision

22. The Plaintiff re-alleges the allegations as set out in ¶¶ 1-21 as if fully set forth herein.

23. The Armada Defendants were negligent in the entrustment to MacAvinue of the commercial vehicle MacAvinue was driving at the time of the Wreck.

24. The Armada Defendants were also negligent in their training and supervision of MacAvinue.

25. The Armada Defendants' negligent entrustment to MacAvinue caused the subject wreck and injured Plaintiff.

3

26. The Armada Defendants' negligent supervision and/or training of McAvinue also caused the subject wreck and injured Plaintiff.

WHEREFORE Plaintiff demands judgment against the Armada Defendants for actual and punitive damages in a sum in excess of $75,000, plus such costs, prejudgment interest, and other relief this Court deems equitable and just.

LLOYD & LLOYD

ATTORNEYS FOR PLAINTIFF:

_____
Jim Lloyd, OBA #5469
Nancy Lloyd, OBA #12136
James R. Lloyd II, OBA #21267
Post Office Box 607
Sand Springs, Oklahoma 74063
Telephone: (918) 246-0200
Facsimile: (918) 246-0203

ATTORNEYS LIEN CLAIMED

_____
Attorney

FINDINGS OF FACTS AND CONCLUSIONS OF LAW REQUESTED

_____
Attorney

JURY TRIAL DEMANDED

_____
Attorney

4